

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SAMUEL D. HOFFMEYER, | ) | CASE NO. 1:09 CV 2578 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY COLLINS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

        Pro se plaintiff Samuel D. Hoffmeyer filed the above captioned action under 42 U.S.C. § 1983 against former Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, Richland Correctional Institution ("RCI") Physician Kenneth Williams, and RCI Health Care Administrator Nurse Brian Cain. In the Complaint, plaintiff alleges he did not receive prompt treatment for a potentially serious health condition. He seeks monetary damages.

## Background

        Mr. Hoffmeyer claims he was placed on suicide watch by Dr. Williams on February 4, 2009. He was placed in infirmary cell #117 and monitored by watch officers. Mr. Hoffmeyer complained about severe abdominal and chest pain. He claims he could taste blood in his saliva. He told medical workers he thought he had swallowed a sharp object 2 years earlier at the Lorain

Correctional Institution, and the object remained in his body, continuing to cause damage. He indicated he had experienced this pain for 2 years. He claims that during his time in cell #117, he did not receive medical attention or medical testing. He asserts that the defendants were deliberately indifferent to his serious medical needs.

The grievances attached to the Complaint indicate Mr. Hoffmeyer's symptoms were monitored closely in cell #117, where he was kept for observation. They suggest Mr. Hoffmeyer has received numerous tests and complete physical examinations, including an EKG and blood work. All tests have been negative. The grievances suggest there is no evidence of a heart attack or a foreign object in Mr. Hoffmeyer's body.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

As an initial matter, the only allegation against Mr. Collins is that, as the former

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Director of the ODRC, he supervised RCI. It appears Mr. Hoffmeyer is attempting to hold Mr. Collins responsible for the actions of RCI employees. Respondeat superior is not a proper basis for liability under § 1983. Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir.2003); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984). Liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct," Leary, 349 F.3d at 903; Bellamy, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir.1999). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. There are no allegations suggesting Mr. Collins was even aware of the events described in the Complaint.

In addition, Mr. Hoffmeyer fails to state a claim for relief under the Eighth Amendment against Dr. Williams or Mr. Cain. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id.. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the

3

protections of the Eighth Amendment. Id. at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. Whitley v. Albers, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

   As a threshold matter, plaintiff fails to establish the objective component of his claim. A 'serious medical need' has been defined as one that has been diagnosed by a physician as mandating treatment. Gaudreault v. Municipality of Salem 923 F.2d 203, 208 (1st Cir. 1990)(citing Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987)). Although Mr. Hoffmeyer has complained of these pains since 2008, no test has identified a physical condition requiring medical care.

   In addition, plaintiff has not established the defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. Id. at 837. Mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). The defendants have been unable to diagnose a medical condition causing

4

plaintiff's symptoms. Mr. Hoffmeyer suggests other tests that can be done, but the defendants contend they cannot find a medical justification for additional testing. Based on the allegations in the Complaint, Mr. Hoffmeyer has not described conduct with a degree of culpability greater than mere negligence.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: April 12, 2010

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5